**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

VOIP-PAL.COM, INC.,

                Plaintiff

v.                                                              **CASE NO. 6:20-cv-00275-ADA**

APPLE INC.
                Defendant.

**DEFENDANT APPLE INC.'S PARTIAL MOTION TO DISMISS**
**PLAINTIFF VOIP-PAL.COM, INC.'S COMPLAINT**

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ..................................................................................................1

II.     BACKGROUND ...................................................................................................1

III.    ARGUMENT .........................................................................................................3

      A.      Motion To Dismiss Standard .....................................................................3

      B.      VoIP-Pal Fails To Adequately Plead Willful Infringement....................................4

      C.      VoIP-Pal Fails To Adequately Plead Indirect Infringement.....................................8

IV.     CONCLUSION....................................................................................................11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
  620 Fed. App'x 934 (Fed. Cir. 2015) ................................................................ 10, 11

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
  No. 13–365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ............................ 10, 11

*Aguirre v. Powerchute Sports LLC*,
  No. 10-0702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ................................. 9

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ............................................................................. 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................... 3, 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 3, 4

*Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*,
  No. 12-286-Orl-36DAB, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014) ............... 9

*DSU Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ............................................................................. 8

*DSU Med. Corp. v. JMS Co.*,
  471 F.3d 1293 (Fed. Cir. 2006) ............................................................................. 8

*Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*,
  No. 19-26, 2019 WL 3818049 (W.D. Tex. June 13, 2019) ................................... 5

*Genentech, Inc. v. Eli Lilly & Co.*,
  No. 18-1518, 2019 WL 4345788 (S.D. Cal. Sept. 12, 2019) ................................ 6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ............................................................................................. 9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016) ............................................................................ 1, 4, 6, 7

*Hypermedia Navigation LLC v. Google LLC*,
  No. 18-6137, 2019 WL 1455336 N.D. Cal. Apr. 2, 2019) ................................... 10

*In re Bill of Lading Transmission & Processing Syst. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) ........................................................................... 10

*IP, LLC v. Cisco Sys., Inc.*,
  No. 18-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ................................ 10

*M & C Innovations, LLC v. Igloo Prods. Corp.*,
    No. 17-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ............................................... 6, 7

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 18-309, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)............................................. 6, 10

*Mitchell v. Johnson*,
    No. 07-40996, 2008 WL 3244283 (5th Cir. Aug. 8, 2008) ...................................................... 3

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 19-207, 2019 WL 3940952 (W.D. Tex. July 26, 2019)....................................... 4, 5, 7, 8

*Parus Holdings Inc. v. Apple Inc.*,
    No. 19-00432 (W.D. Tex. Feb. 20, 2020) .............................................................................. 9

*VLSI Tech. LLC v. Intel Corp.*,
    No. 18-966, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ....................................................... 5

*VLSI Tech. LLC v. Intel Corp.*,
    No. 19-254, ECF No. 52 (W.D. Tex. Aug. 6, 2019)........................................................... 6, 9

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
    824 F.3d 1344 (Fed. Cir. 2016).............................................................................................. 9

## I.      INTRODUCTION

Plaintiff VoIP-Pal.com, Inc. ("VoIP-Pal") asserts claims against Apple Inc. ("Apple") for willful and indirect infringement but fails to adequately plead the factual content to maintain those claims.  In attempting to allege Apple's knowledge of the patent-in-suit, VoIP-Pal asserts only bare conclusions without alleging any well-pleaded facts giving rise to a reasonable inference that Apple had knowledge of the patent.  That alone is fatal to both the willful infringement and indirect infringement claims.

Further, VoIP-Pal fails to allege facts sufficient to support the other elements of those claims.  The complaint is devoid of any allegations that Apple's conduct is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate," as required for willful infringement.  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016).  And VoIP-Pal does not adequately allege that Apple had the specific intent to induce infringement as required for its indirect infringement claim.  Rather than alleging well-pleaded facts related to its claims, VoIP-Pal relies on generalized and unsupported conclusions and recitations of elements.  These types of allegations are inadequate, and VoIP-Pal's claims of willful infringement and indirect infringement should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II.     BACKGROUND

On April 7, 2020, VoIP-Pal filed this lawsuit against Apple for alleged infringement of United States Patent No. 10,218,606 (the "'606 Patent") in connection with Apple's use or sale of the FaceTime and Messages applications ("Accused Instrumentalities"). VoIP-Pal seeks enhanced damages[1] and alleges that Apple's alleged infringement is willful.[2]  In addition, VoIP-Pal asserts

---

[1]      Compl. (R. Doc. 1) at 27.
[2]      *Id*. ¶¶ 48-49.

that Apple is indirectly infringing the '606 Patent by inducing infringement.[3]

The allegations related to willful and indirect infringement are contained in just four paragraphs.[4]  With respect to willful infringement, VoIP-Pal alleges that Apple had knowledge of the '606 Patent since the February 26, 2019 when the patent issued or, alternatively, since March 12, 2019 when VoIP-Pal issued a press release announcing the issuance of the patent.[5]  VoIP-Pal fails to allege any facts articulating how or when Apple allegedly learned of the issuance of either the patent or the press release.  Nevertheless, VoIP-Pal alleges that despite its knowledge, Apple has continued to make, use, or sell the Accused Instrumentalities.[6]  VoIP-Pal then concludes that Apple's infringement has been and continues to be willful.[7]

VoIP-Pal's allegations regarding indirect infringement are similarly limited to non-specific recitations of legal standards.  VoIP-Pal alleges that Apple knowingly and intentionally induced infringement of the '606 Patent by supplying the Accused Instrumentalities with the knowledge and intent that third parties would use the Accused Instrumentalities to infringe the patent and with the knowledge and intent to encourage and facilitate third party infringement.[8]  Further, VoIP-Pal alleges that Apple specifically intended that the ordinary and customary use of the Accused Instrumentalities would infringe the patent.[9]  According to VoIP-Pal, the ordinary and customary uses of the Accused Instrumentalities infringe the '606 Patent, and Apple provided customers instruction and training through "product manuals and other technical information" on how to operate the Accused Instrumentalities for those ordinary and customary, and allegedly infringing,

---

[3]     *Id.* ¶¶ 50-51.
[4]     *See id.* ¶¶ 48-51.
[5]     *Id.* ¶ 48.
[6]     *Id.* ¶ 49.
[7]     *Id.*
[8]     *Id.* ¶ 50.
[9]     *Id.* ¶ 51.

uses.[10]  VoIP-Pal does not identify or describe any manuals or other technical information provided by Apple or explain how such unidentified information induced infringement.  VoIP-Pal also includes a passing reference to willful blindness by alleging that Apple was "at least being willful [sic] blind to the fact" that the ordinary and customary uses of the Accused Instrumentalities that it induced in customers infringe the patent.[11]  VoIP-Pal fails to allege any factual support for this willful blindness assertion.

## III.    ARGUMENT

### A.    Motion To Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  To meet this standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678 (citing *Twombly,* 550 U.S. at 556).  Naked assertions devoid of further factual enhancement do not suffice. *Id.* (citing *Twombly*, 550 U.S. at 557).  Instead, the factual allegations must be enough to nudge the plaintiff's claims "across the line from conceivable to plausible;" they must present more than "a sheer possibility" that the pleader is entitled to the relief sought.  *Id.* at 678-80; *see Mitchell v. Johnson*, No. 07-40996, 2008 WL 3244283, at *2 (5th Cir. Aug. 8, 2008) (citing *Twombly,* 550 U.S. at 570).  And while courts must accept a complaint's allegations as true, this applies only to well-pleaded factual allegations, not to legal conclusions.  A pleading that offers mere "labels and conclusions" is insufficient, and "threadbare recitals of the elements of a cause of action, supported

---

[10]    *Id.*
[11]    *Id.*

by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

VoIP-Pal asserts willful and indirect infringement against Apple, but it fails to allege facts necessary to support those claims. VoIP-Pal has not plausibly alleged that it is entitled to relief for willful or indirect infringement, and those claims should be dismissed.

### B.   VoIP-Pal Fails To Adequately Plead Willful Infringement.

Willful infringement is reserved for "egregious infringement behavior," which is typically described as conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs.*, 136 S. Ct. at 1932. And to state a claim of willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 19-207, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (citation and internal quotation marks omitted). As this Court has recognized, plaintiffs should plead willfulness with "sufficient articulation of the relevant facts." *Id.*

Here, the willful infringement claim cannot stand because VoIP-Pal (1) fails to allege that Apple knew of the '606 Patent; (2) fails to allege any egregious conduct by Apple; and (3) fails to allege that Apple knew or should have known that its conduct amounted to infringement.

First, VoIP-Pal fails to include any well-pleaded allegations that Apple knew of the patent at the time suit was filed. The only facts regarding Apple's alleged knowledge that VoIP-Pal articulates are that the patent was issued on February 26, 2019 and that VoIP-Pal issued a press

release announcing the issuance of the patent on March 12, 2019.[12]  But based on those facts, VoIP-Pal's conclusion that Apple knew about the patent is speculative and conclusory.  There are no facts alleged that could give rise to a plausible inference that Apple monitored all new patents issued or that it received or ever saw VoIP-Pal's press release.  Without any factual enhancement articulating how Apple actually acquired knowledge of the patent, VoIP-Pal's bare assertion that Apple knew of the patent as a result of the mere issuance of the patent or press release is not entitled to the presumption of truth.  Because VoIP-Pal fails to allege sufficient factual content that would allow any reasonable inference that Apple knew of the patent at the time the suit was filed, its claim of willful infringement should be dismissed.

VoIP-Pal does not expressly rely on post-suit knowledge as a basis for its willful infringement claim, and even doing so would not save the claim because this Court and others have found that a willful infringement claim must be based on ***pre-suit knowledge*** of a patent. *See, e.g.*, *Parity Networks*, 2019 WL 3940952, at *3 (stating that the elements of the claim must be established "as of the time of the claim's filing") (Albright, J.); *Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*, No. 19-26, 2019 WL 3818049, at *5 (W.D. Tex. June 13, 2019) (Albright, J.) ("Ordinarily the Court would dismiss an allegation of willfulness without prejudice absent a *specific allegation of pre-suit knowledge* of the asserted patents.") (emphasis added); *VLSI Tech. LLC v. Intel Corp.*, No. 18-966, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing willful infringement claim because "the complaint itself cannot serve as the basis for a defendant's actionable knowledge [of the patent].  The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim.").

Second, the willful infringement claim fails for the additional reason that VoIP-Pal does

---

[12]      *Id.* at ¶ 48.

not allege any egregious conduct as required to impose enhanced damages under a willful infringement theory.  Instead, it merely alleges that Apple continued to make, use, and sell the Accused Instrumentalities despite having knowledge of the patent and its infringement of the patent (allegations which are themselves insufficiently pleaded).[13]  This amounts to nothing more than the "garden-variety" type of patent case where claims for enhanced damages based on willful infringement are routinely dismissed.  *See, e.g.*, *M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 17-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) (dismissing willful infringement claim as the patent claims were "garden-variety"); *Genentech, Inc. v. Eli Lilly & Co.*, No. 18-1518, 2019 WL 4345788, at *6 (S.D. Cal. Sept. 12, 2019) ("Plaintiff further asserts that Defendant's knowledge of the patent and its continuing manufacture, sale, and marketing constitutes egregious conduct.  But Defendant's continuing post-suit manufacturing and sales cannot be the sole evidence to support a willful infringement claim."); *VLSI Tech. LLC v. Intel Corp.,* No. 19-254, ECF No. 52 (W.D. Tex. Aug. 6, 2019) (dismissing without prejudice an enhanced damages claim based on willful infringement); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 18-309, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (dismissing willful infringement claim based on mere conclusory statements and finding that "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*").

For instance, in *M & C Innovations, LLC v. Igloo Prods. Corp.*, the Court dismissed a willful infringement claim based on allegations of a defendant's continued manufacturing of allegedly infringing products after receiving notice of a patent because the case was a "'garden-variety' patent case . . . ill-suited for a finding of willfulness":

> Assuming for the sake of argument that the complaint put [Defendant] on notice of
> the existing patents, and [Defendant] continued its manufacturing its infringing

---

[13]      *Id.* ¶ 49.

products, this would simply be the kind of "garden-variety" patent case that *Halo* affirms is ill-suited for a finding of willfulness. *Halo*, 136 S. Ct. at 1935 (2016). Moreover, this post-suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint. [Plaintiff] has offered no allegations suggesting that [Defendant] deliberately re-dedicated itself to infringing after being served with the complaint.

*M & C Innovations, LLC*, 2018 WL 4620713, at *5.

As in *M & C Innovations*, VoIP-Pal does not allege ***any*** facts that could conceivably push it beyond a "garden-variety" patent case. VoIP-Pal's allegations are limited to the bare assertion that Apple had knowledge of the patent (which, as discussed above, is itself inadequate) and that it has continued to make and sell the Accused Instrumentalities.[14] VoIP-Pal does not allege any malicious, bad faith, or egregious conduct by Apple whatsoever. The claim alleged is a typical, "garden-variety" infringement case that does not support a willful infringement claim.

Finally, the willful infringement claim must be dismissed because VoIP-Pal does not include factual allegations that Apple knew or should have known that its conduct amounted to infringement. To state a claim for willful infringement, a plaintiff must factually allege that the defendant "acted despite a risk of infringement that was either known or so obvious that it should have been known." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017) (citation and internal quotation marks omitted); *see Parity Networks, LLC*, 2019 WL 3940952, at *3. The complaint is devoid of any factual allegations plausibly supporting a reasonable inference that Apple should have known it was infringing the patent and chose to proceed regardless. VoIP-Pal's unsupported and conclusory allegation that "Apple's infringement has been and continues to be willful" is simply insufficient to maintain its willful infringement claim.

---

[14]     *Id.* ¶¶ 48-49.

VoIP-Pal fails to adequately allege any of the elements necessary to state a claim for willful infringement, and the claim should be dismissed.

### C.      VoIP-Pal Fails To Adequately Plead Indirect Infringement.

VoIP-Pal asserts indirect infringement through induced infringement.[15]  To state a claim of induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement.  *Parity Networks*, 2019 WL 3940952, at *2.  In addition, a plaintiff must allege a specific intent to induce infringement, which requires "culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."  *Id.* (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)).  Courts distinguish *knowingly* inducing infringement from merely knowingly inducing the *acts* that constitute direct infringement, which is insufficient to support an induced infringement claim. *See DSU Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

The induced infringement claim must be dismissed because VoIP-Pal (1) fails to sufficiently allege that Apple had pre-suit knowledge of the '606 Patent and (2) fails to allege any specific intent to induce infringement.

First, as explained above, VoIP-Pal's only allegations addressing Apple's knowledge of the patent amount to nothing more than mere conclusions without sufficient factual content.  VoIP-Pal does not set forth any factual allegations explaining how Apple learned of the patent's issuance or how or when Apple ever saw or received VoIP-Pal's press release announcing the patent.[16] VoIP-Pal simply assumes, without any support, that Apple (and presumably everyone) is charged

---

[15]      VoIP-Pal does not assert indirect infringement based on contributory infringement. Even if it did, however, that claim would likewise fail. Contributory infringement also includes a "knowledge of the patent" element, and as discussed, VoIP-Pal fails to allege that Apple knew of the '606 patent.  *See Parity Networks*, 2019 WL 3940952, at *2.

[16]      *See* Compl. ¶¶ 48-49 (R. Doc. 1).

with knowledge of patents and press releases upon their issuance.  This is not the case, and it is not sufficient to maintain an induced infringement claim.

Further, any attempt by VoIP-Pal to rely on post-suit knowledge as a basis for its claim fails because this Court and others have found that ***pre-suit*** knowledge is required for an indirect infringement claim.  *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 19-00432 (W.D. Tex. Feb. 20, 2020) (Albright, J.) (granting motion to dismiss indirect infringement claim (R. Doc. 35) for failing to adequately allege pre-suit notice); *VLSI Tech., LLC v. Intel Corp.*, No. 19-254, ECF No. 52 (W.D. Tex. Aug. 6, 2019) (Albright, J.) (dismissing indirect infringement for failing to sufficiently allege pre-suit knowledge via willful blindness).[17]

VoIP-Pal's passing reference to willful blindness does not overcome its failure to plead adequate facts to support a reasonable inference that Apple either knew of the patent or that it was indeed willfully blind.[18]  Willful blindness—taking deliberate actions to avoid confirming a high probability of wrongdoing—may satisfy the actual knowledge requirement for induced infringement.  *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016); *see Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (defining willful blindness).  Here, however, VoIP-Pal alleges only that Apple was willfully blind to the fact that the ordinary and customary uses constituted infringement—not that Apple was willfully blind to the existence of the patent.[19]  So this allegation cannot satisfy the knowledge requirement.  And in any event, VoIP-Pal's allegation of willful blindness is a mere conclusion unsupported by any

---

[17]      *See also, e.g., Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*, No. 12-286-Orl-36DAB, 2014 WL 12866968, at *5 (M.D. Fla. Jan. 15, 2014); *Aguirre v. Powerchute Sports LLC*, No. 10-0702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011).

[18]      *Id.* ¶ 51 (alleging in a cursory manner and without any factual support that Apple was "at least being willful [sic] blind to the fact" that its uses of the Accused Instrumentalities infringe the patent).

[19]      *Id.*

well-pleaded facts, and it should be disregarded.  *See Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 18-309, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (finding that plaintiff's legal conclusion that defendant "was willfully blind to the Patents-in-Suit" lacked supporting factual allegations and need not be accepted as true).

Finally, VoIP-Pal's induced infringement claim fails for lack of factual allegations that Apple had the specific intent to induce infringement.  "[A] claim of induced infringement 'must contain facts plausibly showing that [the defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement.'" *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. 13–365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014) (quoting *In re Bill of Lading Transmission & Processing Syst. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).  This specific intent element is "demanding" and requires more than unsubstantiated and generalized allegations that the accused infringer induced infringement via "marketing and sales tactics."  *Id.* at *7 ("[G]eneralized allegations that Toyota induced others to infringe . . . through its marketing and sales tactics are likewise insufficient.").

Equally insufficient is an inducement claim that "simply recites the legal conclusion that Defendants acted with specific intent" or generically alleges that a defendant acted to "urge, instruct, [or] encourage" infringement.  *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed. App'x 934, 938 (Fed. Cir. 2015).  An inducement claim must instead include factual allegations showing how inducement occurs. *Affinity Labs*, 2014 WL 2892285, at *7 ("The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents."); *see also Hypermedia Navigation LLC v. Google LLC*, No. 18-6137, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("[T]he complaint only states bald conclusions that an

10

end user following YouTube instructions results in infringement. In no way does the complaint detail *how* an end user would infringe [plaintiff's] patents by following instructions . . . .").

VoIP-Pal's induced infringement claim here falls fall short of these standards.  It consists of precisely the type of generalized and unsubstantiated allegations that this Court warned against in *Affinity Labs*:

> Apple actively, knowingly, and intentionally induced, and continues to actively, knowingly and intentionally induce infringement of the '606 patent by: selling or otherwise making available and/or supplying the Accused Instrumentalities; with the knowledge and intent that third parties will use the Accused Instrumentalities supplied by Apple to infringe the '606 patent; and with the knowledge and intent to encourage and facilitate third party infringement through the dissemination of the Accused Instrumentalities and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the Accused Instrumentalities.

Compl. ¶ 50; *see also id.* ¶ 51 (alleging that "[b]y providing instruction and training to customers and other third parties on how to use the Accused Instrumentalities in an infringing manner, Apple specifically intended to induce infringement of the '606 patent").

VoIP-Pal does not include any facts supporting an inference of specific intent.  Its allegation that Apple intended to "encourage and facilitate" third party infringement through dissemination of instructions, training, or marketing materials mirrors the generic, unsubstantiated allegations that were rejected by the Federal Circuit in *Addiction* and by this Court in *Affinity Labs*. Ignoring this Court's guidance in *Affinity Labs*, VoIP-Pal fails to include any factual allegations detailing *how* Apple allegedly induces infringement through dissemination of materials or *what* those materials included. Because VoIP-Pal "simply recites the legal conclusion that [Apple] acted with specific intent" without any well-pleaded facts supporting that conclusion, its inducement claim should be dismissed.  *See Addiction*, 620 F. App'x at 938.

## IV.    CONCLUSION

VoIP-Pal's failure to adequately plead that Apple had pre-suit knowledge of the '606 Patent

is grounds to dismiss both the willful and indirect infringement claims. Moreover, VoIP-Pal asserts only a "garden-variety" patent case without any allegation of the type of egregious conduct necessary for a willful infringement claim. And by reciting the legal conclusion that Apple specifically intended to induce infringement without any factual support for that accusation, VoIP-Pal fails to state a claim for induced infringement. Apple therefore requests that VoIP-Pal's claims for willful infringement and indirect infringement be dismissed.

Respectfully submitted,

Dated: July 10, 2020

By:  /s/ *J. Stephen Ravel*
DESMARAIS LLP
John M. Desmarais (*pro hac vice*)
Ameet A. Modi (*pro hac vice*)
Joze Welsh (*pro hac vice*)
Raymond N. Habbaz (*pro hac vice*)
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile: (212) 351-3401
jdesmarais@desmaraisllp.com
amodi@desmaraisllp.com
jwelsh@desmaraisllp.com
rhabbaz@desmaraisllp.com

Peter C. Magic (*pro hac vice*)
101 California Street, Suite 3070
San Francisco, CA 94111
Telephone: (415) 573-1900
Facsimile: (415) 573-1901
pmagic@desmaraisllp.com

KELLY HART & HALLMAN LLP
J. Stephen Ravel
Texas State Bar No. 16584975
303 Colorado Street, Suite 2000
Austin, TX 78701
Telephone: (512) 495-6429
Facsimile: (512) 495-6401
steve.ravel@kellyhart.com

*Attorneys for Defendant, Apple Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on July 10, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

<u>  /s/ *J. Stephen Ravel*                      </u>