**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **VOIP-PAL.COM, INC.,** | |
| **Plaintiff** | |
| **v.** | **CASE NO. 6:20-cv-00275-ADA** |
| **APPLE, INC.** | |
| **Defendant.** | |

<u>**APPLE INC.'S PARTIAL MOTION TO DISMISS**</u>
<u>**PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

## TABLE OF CONTENTS

Page

I.      INTRODUCTION.................................................................................................1

II.     BACKGROUND ..................................................................................................1

III.    LAW AND ARGUMENT.....................................................................................4

        A.      Motion to Dismiss Standard...............................................................4

        B.      VoIP-Pal Fails to Adequately Plead Willful Infringement................5

        C.      VoIP-Pal Fails to Adequately Plead Indirect Infringement..............10

IV.     CONCLUSION ..................................................................................................15

# TABLE OF AUTHORITIES

**Page**

## CASES

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
    620 Fed. App'x 934 (Fed. Cir. 2015) .............................................................................14, 15

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
    No. W:13–CV–365, 2014 WL 2892285 (W.D. Tex. May 12, 2014)...............................13, 14

*Aguirre v. Powerchute Sports LLC*,
    No. 10-cv-0702, 2011 WL 2471299 (W.D. Tex. June 17, 2011) .........................................11

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
    876 F.3d 1350 (Fed. Cir. 2017) .......................................................................................... 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................................................4, 6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..........................................................................................................4, 9

*Brandywine Commc'ns Techs., LLC v. Casio Computer Co.*,
    912 F. Supp. 2d 1338 (M.D. Fla. 2012)................................................................................12

*Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*,
    No. 6:12-cv-286-Orl-36DAB, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014) ....................12

*DSU Med. Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) ...........................................................................................10

*DSU Medical Corp. v. JMS Co.*,
    471 F.3d 1293 (Fed. Cir. 2006) ...........................................................................................11

*Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*,
    No. 7:19-CV-00026, 2019 WL 3818049 (W.D. Tex. June 13, 2019) .................................... 6

*Genentech, Inc. v. Eli Lilly & Co.*,
    No. 18-CV-1518, 2019 WL 4345788 (S.D. Cal. Sept. 12, 2019) ......................................... 9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)........................................................................................................12, 13

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ...................................................................................................1, 5, 7

*Hypermedia Navigation LLC v. Google LLC*,
    No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019) ................................14

*In re Bill of Lading Transmission & Processing Syst. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012) ........................................................................13

*In re Darvocet*,
    756 F.3d 917 (6th Cir. 2014) ..........................................................................10

*M & C Innovations, LLC v. Igloo Prods. Corp.*,
    No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ....................7, 8

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)...........7, 13

*Mitchell v. Johnson*,
    No. 07-40996, 2008 WL 3244283 (5th Cir. Aug. 8, 2008) .................................. 4

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-cv-00207, 2019 WL 3940952 (W.D. Tex. July 26, 2019) ...... 5, 6, 10, 12

*Parus Holdings Inc. v. Apple Inc.*,
    No. 6:19-cv-00432 (W.D. Tex. Feb. 20, 2020) ..................................................11

*Valinge Innovation AB v. Halstead New England Corp.*,
    No. 16-1082, 2018 WL 2411218 (D. Del. May 29, 2018) .................................. 5

*VLSI Tech. LLC v. Intel Corp.*,
    No. 18-966, 2019 WL 1349468 (D. Del. Mar. 26, 2019) .................................... 6

*VLSI Tech., LLC v. Intel Corp.*,
    No. 6:19-cv-254 (W.D. Tex. Aug. 6, 2019) ..................................................7, 11

*Warsaw Orthopedic, Inc. v. NuVasive, Inc.*,
    824 F.3d 1344 (Fed. Cir. 2016) ........................................................................13

## RULES

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1

Rule 12(b)(6)..................................................................................................2, 4

## I.      INTRODUCTION

Plaintiff VoIP-Pal.com, Inc. ("VoIP-Pal") asserts claims against Apple Inc. ("Apple") for willful and indirect infringement but fails to adequately plead the factual content to maintain those claims. In attempting to allege Apple's knowledge of the patent-in-suit, VoIP-Pal asserts only bare conclusions without alleging actual facts that would give rise to a reasonable inference that Apple had knowledge of the patent before the suit was filed. That alone is fatal to VoIP-Pal's willful infringement and indirect infringement claims.

Further, VoIP-Pal fails to allege facts to support the other elements of the willful infringement and indirect infringement claims. The First Amended Complaint for Patent Infringement ("Amended Complaint") is devoid of any allegations of conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate," as required for willful infringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). And VoIP-Pal does not adequately allege that Apple had the requisite specific intent to induce infringement to state a plausible claim for indirect infringement. Rather than alleging actual facts, VoIP-Pal recites the elements of the claims and asserts only generalized conclusions. Federal Rule of Civil Procedure 12(b)(6) therefore requires dismissal of VoIP-Pal's claims of willful infringement and indirect infringement.

## II.     BACKGROUND

On April 7, 2020, VoIP-Pal filed this lawsuit against Apple for alleged infringement of United States Patent No. 10,218,606 (the "'606 Patent") in connection with Apple's use or sale of FaceTime and the Apple Messaging System ("Accused Instrumentalities"). In its original Complaint, VoIP-Pal asserted claims for willful infringement and indirect infringement of the

'606 Patent by inducing infringement and seeks to recover enhanced damages.[1]

Due to the same deficiencies that still remain and are detailed below, Apple moved to dismiss the original Complaint's claims for willful infringement and for indirect infringement pursuant to Rule 12(b)(6) on July 10, 2020.[2] After Apple's motion was filed, VoIP-Pal's counsel requested a two week extension of its deadline to respond to Apple's motion, which Apple agreed to as a professional courtesy. However, VoIP-Pal did not file an opposition to Apple's motion by the extended deadline. Nor did it otherwise make any meaningful effort to cure the deficiencies of its Complaint. Instead, VoIP-Pal simply filed the Amended Complaint, which does little to nothing to improve or change its previous pleading aside from attaching and incorporating the Declaration of Dr. Mangione-Smith by reference.[3]

The allegations related to willful and indirect infringement continue to appear in just four paragraphs.[4] With respect to willful infringement, VoIP-Pal alleges that Apple had knowledge of the '606 Patent since February 26, 2019 when the patent was issued or, alternatively, since March 12, 2019 when VoIP-Pal issued a press release announcing the patent.[5] But VoIP-Pal fails to assert any facts articulating how or when Apple allegedly learned of the issuance of either the patent or the press release. Instead, the Amended Complaint goes on to state that Apple "had knowledge of its infringement" and notice of the '606 Patent since the filing of the Complaint or the Amended Complaint and has continued to make, use, sell, and offer to sell the Accused Instrumentalities in an infringing manner and when it knew or should have known that its actions

---

[1]    Compl. (R. Doc. 1), ¶¶ 48-51.
[2]    Mot. Dismiss (R. Doc. 19).
[3]    Am. Compl. (R. Doc. 26), ¶ 40 and Ex. 3.
[4]    *Id*. at ¶¶ 49-52; *see also* Compl., ¶¶ 48-51.
[5]    Am. Compl., ¶ 49.

constituted infringement.[6] Based only "upon information and belief," VoIP-Pal then alleges that Apple failed to take adequate steps to avoid infringing and will continue to reap significant revenues and savings from its infringement before concluding that Apple's infringement has been and continues to be willful.[7] There are no factual allegations detailing how or why Apple should have known that its actions constituted infringement, any steps that Apple failed to take, or the benefits it has or will derive from the alleged infringement.

The allegations regarding indirect infringement are similarly limited to non-specific recitations of legal standards.[8] VoIP-Pal claims that Apple knowingly and intentionally induced infringement of the '606 Patent by supplying the Accused Instrumentalities while having the knowledge and intent that third parties would use the Accused Instrumentalities to infringe the patent and to encourage and facilitate such third party infringement.[9] VoIP-Pal further alleges that Apple specifically intended that the ordinary and customary use of the Accused Instrumentalities would infringe the patent.[10] According to VoIP-Pal, the ordinary and customary uses of the Accused Instrumentalities infringe the '606 Patent, and Apple provided customers instruction and training through "product manuals and other technical information" on how to operate the Accused Instrumentalities for those ordinary and customary, and allegedly infringing, uses.[11] But VoIP-Pal does not identify or describe any manuals or other technical information provided by Apple or explain how such unidentified information induced infringement. And only a passing reference to willful blindness is included in the Amended Complaint: VoIP-Pal baldly alleges that Apple was "at least being willful [sic] blind to the fact"

---

[6]     *Id*. at ¶ 49-50.
[7]     *Id*. at ¶ 50.
[8]     *See id*. at ¶¶ 51-52.
[9]     *Id*. at ¶ 51.
[10]    *Id*. at ¶ 52.
[11]    *Id*.

3

that the ordinary and customary uses of the Accused Instrumentalities allegedly infringe the patent.[12] No factual support for this willful blindness assertion is included in the Amended Complaint.

## III.   LAW AND ARGUMENT

### A.   Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly,* 550 U.S. at 556). Naked assertions devoid of further factual enhancement do not suffice. *Id.* (citing *Twombly*, 550 U.S. at 557). Instead, the factual allegations must be enough to nudge the plaintiff's claims "across the line from conceivable to plausible;" they must present more than "a sheer possibility" that the pleader is entitled to the relief sought. *Id.* at 678-80 (citation and internal quotation marks omitted); *see Mitchell v. Johnson*, No. 07-40996, 2008 WL 3244283, at *2 (5th Cir. Aug. 8, 2008) (citing *Twombly,* 550 U.S. at 570). While courts must accept a complaint's allegations as true, this applies only to well-pleaded factual allegations, not to legal conclusions. A pleading that offers mere "labels and conclusions" is insufficient, and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

Here, VoIP-Pal's willful and indirect infringement claims must be dismissed because VoIP-Pal fails to allege facts necessary to support those claims or to entitle it to relief.

---

[12]      *Id.*

### B.     VoIP-Pal Fails to Adequately Plead Willful Infringement.

Willful infringement is reserved for only "egregious infringement behavior," which is typically described as conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs.*, 136 S. Ct. at 1932. To state a claim of willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)). As this Court has recognized, willfulness must be pleaded with "sufficient articulation of the relevant facts." *Parity Networks, LLC*, 2019 WL 3940952, at *3.

Here, the willful infringement claim fails because VoIP-Pal does not sufficiently allege (1) that Apple knew of the '606 Patent; (2) any egregious conduct by Apple; and (3) that Apple knew or should have known that its conduct amounted to infringement.

First, VoIP-Pal fails to assert any well-pleaded allegations that Apple knew of the '606 Patent. The only alleged facts regarding Apple's knowledge before suit was filed articulated in the Amended Complaint are that the '606 Patent was issued on February 26, 2019, and that VoIP-Pal issued a press release announcing the patent on March 12, 2019.[13] There are no allegations describing how or when Apple learned of either of these events. And no facts are alleged that could give rise to a plausible inference that Apple monitored all new patents issued

---

[13]      *Id.* at ¶ 49.

or that it received or ever saw VoIP-Pal's press release. Thus, the allegations that a patent and a press release were issued, in the absence of any facts articulating how Apple actually acquired knowledge of those events or the patent, do not support VoIP-Pal's bare assertion that Apple knew of the patent. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions of a formulaic recitation of the elements of a cause will not do.") (citation and internal quotation marks omitted). VoIP-Pal therefore fails to allege sufficient factual content that would allow any reasonable inference that Apple knew of the patent before suit was filed, and VoIP-Pal's speculative conclusion that Apple knew about the '606 Patent is not entitled to the presumption of truth.

VoIP-Pal's new allegation that Apple had knowledge of the alleged infringement based on the complaints also will not suffice to allege the knowledge element of a willful infringement claim. The filing of the complaints "cannot serve as the basis for a defendant's actionable knowledge [of the patent]. The purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim." *VLSI Tech. LLC v. Intel Corp.*, No. 18-966, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing willful infringement claim). This Court and others have found that a willful infringement claim must be based on *pre-suit knowledge* of a patent, which as demonstrated above VoIP-Pal has not sufficiently alleged. *See, e.g.*, *Parity Networks, LLC*, 2019 WL 3940952, at *3 (stating that the elements of the claim must be established "as of the time of the claim's filing") (Albright, J.); *Frac Shack Inc. v. AFD Petroleum (Tex.) Inc.*, No. 7:19-CV-00026, 2019 WL 3818049, at *5 (W.D. Tex. June 13, 2019) ("Ordinarily the Court would dismiss an allegation of willfulness without prejudice absent a *specific allegation of pre-suit knowledge* of the asserted patents.") (emphasis added) (Albright, J.). VoIP-Pal cannot simply substitute factual allegations of knowledge with a reference to the filing of this lawsuit because

doing so would allow VoIP-Pal to use its Complaint to manufacture claims for willful infringement and enhanced damages, and thereby likely open the floodgates for countless others to follow in kind.[14]

Second, the willful infringement claim fails because VoIP-Pal does not allege the requisite egregious conduct to impose enhanced damages under a willful infringement theory. The only conduct of Apple that VoIP-Pal alleges in the Amended Complaint is that Apple continued to make, use, and sell the Accused Instrumentalities in an infringing manner. But this allegation does not identify a single act that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *See Halo*, 136 S. Ct. at 1932. Indeed, VoIP-Pal's assertions regarding Apple's conduct amount to nothing more than the type of conduct alleged in a "garden-variety" patent case where claims for enhanced damages based on willful infringement are routinely dismissed. *See M & C Innovations, LLC v. Igloo Prods. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) (dismissing willful infringement claim in a "garden variety" patent case ill-suited for a finding of willfulness where the "post suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint"); *VLSI Technology LLC v. Intel Corp.*, No. 6:19-cv-254, Dkt. No. 52 (W.D. Tex. Aug. 6, 2019) (dismissing without prejudice an enhanced damages claim based on willful infringement); *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (dismissing willful infringement claim based on mere conclusory statements and finding that "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*").

---

[14]      *Id*. at ¶¶ 49-50.

In *M & C Innovations, LLC v. Igloo Prods. Corporation*, a willful infringement claim was dismissed because it was based only on allegations of a defendant's continued manufacturing of allegedly infringing products after receiving notice of a patent. The district court explained that the case was a "'garden-variety' patent case . . . ill-suited for a finding of willfulness":

> Assuming for the sake of argument that the complaint put [Defendant] on notice of the existing patents, and [Defendant] continued its manufacturing its infringing products, this would simply be the kind of "garden-variety" patent case that *Halo* affirms is ill-suited for a finding of willfulness. *Halo*, 136 S. Ct. at 1935 (2016). Moreover, this post-suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint. [Plaintiff] has offered no allegations suggesting that [Defendant] deliberately re-dedicated itself to infringing after being served with the complaint.

*M & C Innovations, LLC*, 2018 WL 4620713, at *5.

As in *M & C Innovations*, VoIP-Pal does not allege *any* facts that could conceivably push this case beyond a "garden-variety" patent case. The bare assertion that Apple had knowledge of the patent (which, as discussed above, is itself inadequate) and that it has continued to make and sell the Accused Instrumentalities are not allegations of malicious, bad faith, or egregious conduct by Apple.[15] VoIP-Pal has not asserted that the alleged infringement ever escalated or that Apple "deliberately re-dedicated" itself to infringing at any point in time. *See M & C Innovations, LLC*, 2018 WL 4620713, at *5 (explaining that the plaintiff "has offered no allegations suggesting that [the defendant] deliberately re-dedicated itself to infringing" after having notice and knowledge of the patent and alleged infringement). The acts of making, using, and selling the Accused Instrumentalities—the only conduct VoIP-Pal alleges—are not in and of themselves egregious. This is true regardless of whether or when Apple had notice or knew of the patent because VoIP-Pal's unsupported assertions regarding the issuance of a patent and a

---

[15]    *Id.*

press release and Apple's knowledge based on the filing of the complaints cannot transform the only allegations of infringing conduct into factual allegations of egregious conduct. *See Genentech, Inc. v. Eli Lilly & Co.*, No. 18-CV-1518, 2019 WL 4345788, at \*6 (S.D. Cal. Sept. 12, 2019) ("Plaintiff further asserts that Defendant's knowledge of the patent and its continuing manufacture, sale, and marketing constitutes egregious conduct. But Defendant's continuing post-suit manufacturing and sales cannot be the sole evidence to support a willful infringement claim."). VoIP-Pal simply has not alleged that Apple did anything other than make and sell the Accused Instrumentalities. Such acts are far from willful or egregious and amount to nothing more than the type of conduct in a typical, "garden-variety" infringement case, which cannot support a willful infringement claim.

Finally, the willful infringement claim must be dismissed because VoIP-Pal does not allege facts to support the conclusory assertion that Apple knew or should have known that its conduct amounted to infringement before the Complaint was filed. To state a claim for willful infringement, a plaintiff must factually allege that the defendant "acted despite a risk of infringement that was either known or so obvious that it should have been known." *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017). The Amended Complaint is devoid of any factual allegations plausibly supporting a reasonable inference that Apple should have known it was infringing the patent and chose to proceed regardless. As explained above, VoIP-Pal does not even attempt to allege how or why Apple knew or should have known of the issuance of the patent or press release, and therefore the assertion that Apple knew or should have known that its conduct constituted infringement before suit was filed is completely unsupported. Such "naked assertions devoid of further factual enhancement" cannot support a reasonable inference that Apple knew or should have known that

it was infringing.[16] *See Twombly*, 550 U.S. at 557. Likewise, VoIP-Pal's new allegations—based only on information and belief—that Apple failed "to take adequate steps to avoid infringing" and that Apple has and will benefit from the alleged infringement are also unsupported by facts and therefore cannot salvage or support VoIP-Pal's purported willfulness claim. *See In re Darvocet*, 756 F.3d 917, 931 (6th Cir. 2014) (affirming dismissal because the allegations based only on information and belief were conclusory and not supported by facts). Because the allegations relating to pre-suit knowledge fail, and VoIP-Pal cannot rest on its new allegation of knowledge based on the filing of this lawsuit for the reasons explained above, VoIP-Pal fails to adequately allege any factual support for the assertion that Apple knew or should have known that its conduct amounted to infringement or that such infringement "has been and continues to be willful."

VoIP-Pal has not alleged any of the elements necessary to state a claim for willful infringement, and the claim should be dismissed.

## C.    VoIP-Pal Fails to Adequately Plead Indirect Infringement.

VoIP-Pal attempts to assert a claim for indirect infringement through induced infringement.[17] To state a claim of induced infringement, a plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement. *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019). In addition, a plaintiff must allege a specific intent to induce infringement, which requires "culpable conduct, directed to encouraging another's infringement, not merely that the

---

[16]     *Id.* at ¶ 49.
[17]     VoIP-Pal does not assert indirect infringement based on contributory infringement. Even if it did, however, that claim would likewise fail. Contributory infringement also includes a "knowledge of the patent" element, and as discussed, VoIP-Pal fails to allege that Apple knew of the '606 Patent. *See Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019).

inducer had knowledge of the direct infringer's activities." *Id.* (quoting *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006)). Courts distinguish knowingly inducing infringement from merely knowingly inducing the acts that constitute direct infringement, which is insufficient to support an induced infringement claim. *See DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006).

The induced infringement claim must be dismissed because VoIP-Pal (1) fails to sufficiently allege that Apple had pre-suit knowledge of the '606 Patent and the alleged infringement and (2) fails to allege any specific intent to induce infringement.

First, as explained above, VoIP-Pal's only allegations addressing Apple's knowledge of the '606 Patent before the Complaint was filed amount to nothing more than mere conclusions unsupported by sufficient factual content. No facts are alleged to explain how or when Apple learned of the either the patent's issuance or the press release announcing the patent.[18] VoIP-Pal simply assumes, without any support, that Apple (and presumably everyone) is charged with knowledge of patents and press releases upon their issuance. This is not the case, and it is not sufficient to maintain an induced infringement claim.

VoIP-Pal's new allegation that Apple had notice and knew of the patent and alleged infringement based on the complaints does not support the indirect infringement claim. "To the extent [plaintiff] relies on knowledge of [plaintiff's] patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement." *Aguirre v. Powerchute Sports LLC*, No. 10-cv-0702, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011). This Court and others have repeatedly held that ***pre-suit knowledge*** is required for an indirect infringement claim. *See, e.g.*, *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-00432, Dkt. No. 35

---

[18]    Am. Compl., ¶¶ 49-50.

(W.D. Tex. Feb. 20, 2020) (Albright, J.) (granting motion to dismiss indirect infringement claim for failing to adequately allege pre-suit notice); *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-254, Dkt. No. 52 (W.D. Tex. Aug. 6, 2019) (Albright, J.) (dismissing both pre- and post-suit indirect infringement for failing to sufficiently allege pre-suit knowledge via willful blindness); *Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*, No. 6:12-cv-286-Orl-36DAB, 2014 WL 12866968, at *5 (M.D. Fla. Jan. 15, 2014) ("[P]re-suit knowledge of the patents-in-suit [is] required for induced infringement, because holding otherwise 'would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement,' since the complaint would necessarily provide notice of the patents-in-suit.") (quoting *Brandywine Commc'ns Techs., LLC v. Casio Computer Co.*, 912 F. Supp. 2d 1338, 1346 (M.D. Fla. 2012) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765 (2011)).

Even if the significant precedent requiring pre-suit knowledge is ignored, and VoIP-Pal's new allegations of post-suit knowledge could support its indirect infringement claim, that claim must be limited to the time period after the Complaint was filed. "Recovery on an induced infringement claim is limited to the time period that begins when defendant learns of the patents existence." *Parity Networks, LLC*, 2019 WL 3940952, at *2.

 Thus, even the new allegations regarding Apple's knowledge based on the filing of the complaints cannot salvage VoIP-Pal's claim for pre-suit indirect infringement, which must be dismissed due to failure to sufficiently allege pre-suit knowledge demonstrated above.

VoIP-Pal's passing reference to willful blindness does not overcome its failure to plead adequate facts to support a reasonable inference that Apple either knew of the patent or that it

was indeed willfully blind.[19] Willful blindness—taking deliberate actions to avoid confirming a high probability of wrongdoing—may satisfy the actual knowledge requirement for induced infringement. *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016); *see Global-Tech*, 563 U.S. at 769 (defining willful blindness). Here, however, VoIP-Pal alleges only that Apple was willfully blind to the fact that the ordinary and customary uses constituted infringement—not that Apple was willfully blind to the existence of the '606 Patent.[20] So this allegation cannot satisfy the knowledge requirement. And in any event, VoIP-Pal's allegation of willful blindness is a mere conclusion unsupported by any well-pleaded facts, and should therefore be disregarded. *See Meetrix IP, LLC*, 2018 WL 8261315, at *3 (finding that plaintiff's legal conclusion that defendant "was willfully blind to the Patents-in-Suit" lacked supporting factual allegations and need not be accepted as true).

Finally, VoIP-Pal's induced infringement claim fails because there are no factual allegations that Apple had the requisite specific intent to induce infringement. "[A] claim of induced infringement 'must contain facts plausibly showing that [the defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement.'" *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13–CV–365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014) (quoting *In re Bill of Lading Transmission & Processing Syst. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). This specific intent element is "demanding" and requires more than unsubstantiated and generalized allegations that the accused infringer induced infringement via "marketing and sales tactics." *Id.* at *7 ("[G]eneralized allegations that Toyota induced others to infringe . . . through its marketing

---

[19]   *Id.* at ¶ 52 (alleging in a cursory manner and without any factual support that Apple was "at least being willful [sic] blind to the fact" that its uses of the Accused Instrumentalities infringe the patent).

[20]   *Id.*

and sales tactics are likewise insufficient.").

Equally insufficient is an inducement claim that "simply recites the legal conclusion that Defendants acted with specific intent" or generically alleges that a defendant acted to "urge, instruct, [or] encourage" infringement. *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 Fed. App'x 934, 938 (Fed. Cir. 2015). An inducement claim must instead include factual allegations showing how inducement occurs. *Affinity Labs*, 2014 WL 2892285, at *7 ("The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would violate the Asserted Patents."); *see also Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("[T]he complaint only states bald conclusions that an end user following YouTube instructions results in infringement. In no way does the complaint detail *how* an end user would infringe [plaintiff's] patents by following instructions . . . .") (citation omitted).

VoIP-Pal's induced infringement claim falls far short of these standards. It consists of precisely the type of generalized and unsubstantiated allegations that this Court warned against in *Affinity Labs*:

> Apple actively, knowingly, and intentionally induced, and continues to actively, knowingly and intentionally induce infringement of the '606 patent by: selling or otherwise making available and/or supplying the Accused Instrumentalities; with the knowledge and intent that third parties will use the Accused Instrumentalities supplied by Apple to infringe the '606 patent; and with the knowledge and intent to encourage and facilitate third party infringement through the dissemination of the Accused Instrumentalities and/or the creation and dissemination of promotional and marketing materials, supporting materials, instructions, product manuals, and/or technical information related to the Accused Instrumentalities.[21]

---

[21]    Amended Compl., ¶ 51; *see also id.* at ¶ 52 (alleging that "[b]y providing instruction and training to customers and other third parties on how to use the Accused Instrumentalities in an infringing matter, Apple specifically intended to induce infringement of the '606 patent").

VoIP-Pal does not include any facts supporting an inference of specific intent. Its allegation that Apple intended to "encourage and facilitate" third party infringement through dissemination of instructions, training, or marketing materials mirrors the generic, unsubstantiated allegations that were rejected by the Federal Circuit in *Addiction* and by this Court in *Affinity Labs*. Ignoring this Court's guidance in *Affinity Labs*, VoIP-Pal fails to include any factual allegations detailing *how* apple allegedly induces infringement through dissemination of materials or *what* those materials included.

Because VoIP-Pal "simply recites the legal conclusion that [Apple] acted with specific intent" without any well-pleaded facts supporting that conclusion, its inducement claim should be dismissed. *Addiction*, 620 F. App'x at 938.

## IV.    CONCLUSION

VoIP-Pal's willful and indirect infringement claims should be dismissed due to VoIP-Pal's failure to adequately plead knowledge of the '606 Patent alone. The Amended Complaint asserts only a "garden-variety" patent case without any allegations of egregious conduct, which are required for a willful infringement claim. And by reciting only the legal conclusion that Apple specifically intended to induce infringement without providing any factual support, VoIP-Pal fails to state a claim for induced infringement. VoIP-Pal's claims for willful infringement and indirect infringement should therefore be dismissed.

Respectfully submitted,

*s/ J. Stephen Ravel*_____
J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado Street, Suite 2000
Austin, TX 78701
Telephone: (512) 495-6429

Facsimile:  (512) 495-6401
Email:  steve.ravel@kellyhart.com


DESMARAIS LLP
John M. Desmarais (*pro hac vice*)
Joze Welsh (*pro hac vice*)
Raymond N. Habbaz (*pro hac vice*)
230 Park Avenue
New York, NY 10169
Telephone: (212) 351-3400
Facsimile:  (212) 351-3401
jdesmarais@desmaraisllp.com
amodi@desmaraisllp.com
jwelsh@desmaraisllp.com
rhabbaz@desmaraisllp.com


Ameet A. Modi (*pro hac vice*)
Peter C. Magic (*pro hac vice*)
101 California  Street, Suite  3070
San Francisco, CA 94111
Telephone: (415) 573-1900
Facsimile:  (415) 573-1901
amodi@desmaraisllp.com
pmagic@desmaraisllp.com

***Attorney for Defendant Apple Inc.***

16

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 14, 2020, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b).

 /s/ *J. Stephen Ravel*
J. Stephen Ravel
